UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY ALLEN WELCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-84-ACL |
| | ) | |
| PIKE COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Terry Allen Welch for leave to commence this civil action without prepayment of the required filing fee. For the reasons stated below, the Court will grant the motion, and allow plaintiff to proceed without payment of an initial partial filing fee. Furthermore, for the reasons discussed below, the Court will dismiss this case, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.* However, according to § 1915(b)(4), this Court shall

not prohibit a prisoner "from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."

In the case at bar, plaintiff submitted an inmate account statement showing that he has $0, and is also subject to a $330 debt. The Court will therefore permit plaintiff to proceed without payment of the initial partial filing fee, pursuant to 28 U.S.C. § 1915(b)(4).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Pike County Jail, the Pike County Sheriff's Department, and Stephen Korte, the Sheriff of Pike County. Korte is sued in his official and individual capacity. Although plaintiff is presently incarcerated at the Fulton Reception and Diagnostic Center, the allegations in the complaint concern events that occurred while he was incarcerated at the Pike County Jail.

Plaintiff alleges that his rights have been violated "in many ways." (Docket No. 1 at 5). He claims he was not allowed to see a nurse because he did not have $10, and he believes he should receive free medical care. He claims the Pike County Jail is responsible "for the food or lack thereof," and for "poor shower conditions" that have resulted in plaintiff being afflicted with foot fungus. *Id.* He states that he holds the Sheriff and the Sheriff's Department "responsible for

transfers and the violation of my legal right." *Id.* He also claims that he and other inmates must hold religious services in a noisy environment, the diet provides insufficient calories, inmates are charged $10 to see a nurse, "ridiculous bonds" are placed on inmates, there is no law library, and "they are breaking so many of our constitutional rights." *Id.* at 5-8. Plaintiff also states that he is certain he was transferred to Lincoln County "to get shot," and he is "sure they are trying to kill me." *Id.*

## Discussion

Defendants Pike County Jail and Pike County Sheriff's Department will be dismissed from this case because neither defendant is an entity that is subject to suit. *See Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (1992) (departments or subdivisions of local government are "not juridical entities suable as such"). Even if the Court were to construe the complaint as brought against the municipality and substitute it as defendant, the complaint would not state a claim of municipal liability because it fails to allege a direct causal link between a municipal policy or custom and the alleged constitutional violations. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978), *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). For this same reason, the complaint fails to state a claim against Stephen Korte in his official capacity. *See id.* The Court therefore concludes that the complaint is legally frivolous and fails to state a claim upon which relief may be granted as to the Pike County Jail and the Pike County Sheriff's Office, and as to Korte in his official capacity.

Plaintiff's individual capacity claims against Korte will also be dismissed. While plaintiff indicates he wishes to sue Korte in his individual capacity, he fails to explain how Korte is personally responsible for any of the alleged constitutional violations. Instead, plaintiff alleges that Korte is liable to him because he holds an administrative or supervisory position. Such allegations do not state a claim that is cognizable under § 1983. *See Martin v. Sargent*, 780 F.2d

1334 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege the personal responsibility of defendant); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 cases); *see also Stone*, 364 F.3d at 914 (while *pro se* complaints must be construed liberally and additional details may be exposed later after discovery, the complaint must still allege sufficient facts to support the claims advanced).

As a final matter, the Court notes that, throughout the complaint, plaintiff alleges that the defendants have violated the constitutional rights of the inmate population as a whole. However, plaintiff lacks standing to bring claims alleging mistreatment of other inmates, *see Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985), and non-attorneys are not permitted to bring constitutional claims on behalf of others. *See* 28 U.S.C. § 1654.

For all of the foregoing reasons, the Court concludes that this action is legally frivolous and/or fails to state a claim upon which relief may be granted, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 24th day of April, 2018.

                                            E. RICHARD WEBBER
                                            UNITED STATES DISTRICT JUDGE